IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WAYA TSALAGI JONES,              )  <br>                                                          )  <br>            Plaintiff,            )  <br>                                                          )  <br>      v.                                          )  <br>                                                          )  <br>JUDGE RICHARD KOPF, of       )  <br>Lincoln, Ne,                              )  <br>                                                          )  <br>            Defendant.            ) | 4:11CV3118<br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff filed her Complaint on July 25, 2011.  (Filing No. 1.)  Plaintiff has previously been given leave to proceed in forma pauperis.  (Filing No. 6.)  The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.     SUMMARY OF COMPLAINT

      Plaintiff filed her Complaint on July 25, 2011, against United States District Judge Richard Kopf, who presided over her husband's federal criminal trial.[1]  (Filing No. 1 at CM/ECF pp. 1, 3-4.)  Plaintiff is a non-prisoner who currently resides in Hot Springs, South Dakota.  (*Id.* at CM/ECF p. 1; *see also* Docket Sheet.)

      Plaintiff's allegations are difficult to decipher.  As best as the court can tell, Plaintiff alleges that, during the course of her husband's federal jury trial, Defendant improperly used the term "Indian . . . without having knowledge of history."  (*Id.* at CM/ECF p. 3.)  Plaintiff also alleges that her husband's trial was a "one (1) sided afare" and that Defendant wrongfully stated during the jury trial that her husband was

---

[1] The court takes judicial notice that Bret Tschacher was recently found guilty of being a felon in possession of a firearm and sentenced to 21 months in prison.  (*See United States v. Tschacher*, Case No. 09CR3025, Filing No. 108.)

a "risk for flight." (*Id.* at CM/ECF p. 4.) Plaintiff requests that the court "restore" her husband's rights and to order monetary restitution for "11 years [of] . . . lies." (*Id.* at CM/ECF p. 7.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.     DISCUSSION OF CLAIMS

As set forth above, Defendant is a United States District Judge. (Filing No. 1.) Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

2

Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Moreover, "[a] judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 12 (quotation omitted). Absolute judicial immunity applies to monetary damages claims only and does not extend to suits requesting declaratory and prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984).

As the Supreme Court set forth in *Mireles*, "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself,'" and courts "look to the particular act's relation to a general function normally performed by a judge" in determining whether judicial immunity applies. *Mireles*, 502 U.S. at 13. The Eighth Circuit has specifically held that "conducting a trial is a judicial function" for which judges are entitled to absolute immunity. *Hollowell v. Johnson*, 46 F. App'x 388, 388 (8th Cir. 2002) (unpublished).

Plaintiff asserts claims against Defendant for statements he made during her husband's federal jury trial. According to Plaintiff, these statements were incorrect and not representative of "history." (Filing No. 1.) However, as set forth above, conducting the trial of Plaintiff's husband is a judicial function, and Defendant is absolutely immune from suit for his actions taken during that trial. As such, Defendant is immune from suit and Plaintiff's Complaint must be dismissed.[2]

---

[2] To the extent Plaintiff's Complaint seeks relief other than "restitution," in the form of the restoration of her husband's rights, Plaintiff lacks standing to bring such a claim. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (stating the general rule that, to establish standing a plaintiff must assert her legal rights or interests and not "the legal rights or interests of third parties").

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 6th day of October, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.